Kathleen Selzler Lippert Executive Director Kansas Board of Healing Arts
235 SW Topeka Blvd. Topeka, Kansas 66603
Dear Ms. Selzler Lippert:
As Executive Director of the Kansas Board of Healing Arts (Board), you inquire whether a 2008 amendment establishing a new basis for disciplinary action can be applied retroactively to conduct occurring prior to its enactment.
Prior to July 1, 2008, K.S.A. 65-2836(b) authorized the Board to take disciplinary action if a physician committed an act of professional incompetency. By virtue of a 2008 amendment to that statute, [1] the following disciplinary ground was added:
 Any conduct or professional practice on a single occasion that, if continued, would reasonably be expected to constitute an inability to practice the healing arts with reasonable skill and safety to patients or unprofessional conduct as defined in K.S.A. 65-2837, and amendments thereto.[2]
Whether this provision can be applied retroactively is governed by two general rules:
 First, a statutory amendment operates prospectively unless the language of the statute clearly shows that it is the intention of the legislature that it operate retroactively. Second, even if there is a clear indication the legislature intends the amendment to operate retroactively, it will not be applied if doing so interferes with vested, substantive rights.[3]
In determining whether the legislature intended this provision to be applied retroactively, it is helpful to review its origin.
In October of 2006, the Kansas Legislative Division of Post Audit issued its performance audit report addressing a variety of legislative concerns with the Board, including its backlog of disciplinary cases and its complaint and investigation process.[4] The report noted that the Board had always investigated single incidents of substandard patient care until June of 2005 when it adopted a policy that single incidents would no longer be investigated. Instead, allegations of substandard patient care would not be investigated until there was a historical pattern which the Board defined as three complaints within a three year period.[5]
The reason for the policy change, cited by the Board, was inadequate staffing resources and concern that the disciplinary statutes did not authorize the Board to discipline for a single incident of substandard patient care unless there was evidence of "gross negligence."[6] While a physician could be disciplined for professional incompetency, [7] the definition embraced only multiple instances of substandard patient care unless a single incident rose to the level of "gross negligence."[8]
The audit report expressed concern that the Board's policy of not investigating complaints of substandard patient care until a pattern had developed raised "questions about whether the public is being adequately protected."[9] In response to the post audit report, the Board adopted, in October, 2007, a policy that it would investigate allegations of substandard patient care "without waiting for repeated instances or a pattern of practice to develop."[10]
The Board, with the assistance of the Kansas Medical Society, also pursued legislative changes through H.B. 2620.[11] Because of the Board's concern that it could not discipline a physician for a single incident of substandard patient care not involving gross negligence, the above-referenced amendment was added to the Board's disciplinary authority.
Neither the amendment itself or the legislative history reveal a clear intent that the legislature intended for this statutory provision to operate retroactively. Accordingly, the 2008 amendment to the healing arts statutes establishing a new basis for disciplinary action for a single occasion of substandard patient care operates prospectively.
Sincerely,
 Steve Six Attorney General
 Mary Feighny Deputy Attorney General
SS:MF:jm
[1] L. 2008, ch. 154, § 6(b).
[2] Emphasis added.
[3] Kelly v. Vinzant, M.D., 287 Kan. 509, 521 (2008).
[4] Performance Audit Report-Board of Healing Arts: Reviewing IssuesRelated to Complaint Investigations, Background Investigations, andComposition of the Board, (Performance Audit Report) October, 2006 http://www.kslegislature.org/postaudit/audits_perform/06pa10a.pdf
[5] Id. at 10.
[6] Id at 11. K.S.A. 65-2836; K.S.A. 65-2837. See also Minutes, Senate Health Care Strategies Committee, February 26, 2008, Attachment 1; March 18, 2008, Attachment 2(Testimony of Board Executive Director Larry Buening, Jr.)
[7] K.S.A. 65-2836(b).
[8] K.S.A. 2006 Supp. 65-2837(a).
[9] Performance Audit Report at 18.
[10] Policy Statement No. 07-02.
[11] Minutes, Senate Health Care Strategies Committee, March 18, 2008, Attachment 2. *Page 1